**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LaDonna Dennis,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No:** |
| **v.** | ) | |
| | ) | |
| **National Credit Systems, Inc., a Georgia** | ) | |
| **Corporation; Cedric Keith, Individually, and** | ) | |
| **as Agent, Apparent Agent, Servant, and/or** | ) | |
| **Employee of National Credit Systems, Inc.;** | ) | |
| **Willie Love, Individually, and as Agent,** | ) | |
| **Apparent Agent, Servant, and/or Employee** | ) | |
| **of National Credit Systems, Inc.; and Mike** | ) | |
| **Cook, Individually, and as Agent, Apparent** | ) | |
| **Agent, Servant, and/or Employee of** | ) | |
| **National Credit Systems, Inc.;** | ) | |
| | ) | **JURY DEMANDED** |
| **Defendants.** | ) | |

## COMPLAINT AT LAW

     **NOW COMES Plaintiff**, **LaDonna Dennis**, by her Attorneys, Robert J. Semrad & Associates, L.L.C., and pursuant to this Complaint at Law, states the following against the above named **Defendants**, to wit: **National Credit Systems, Inc.,** a Georgia Corporation; **Cedric Keith, Willie Love,** and **Mike Cook,** Individually, and as agents, apparent agents, servants, and/or employees of **National Credit Systems, Inc.**

## JURISDICTION

1.    The jurisdiction of the court is invoked pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and this Court's supplementary jurisdictional powers. Venue is proper as the actions that give rise to this complaint occurred, **Plaintiff** resides, and **Defendants** conduct business within this District.

## PARTIES

2.     **Plaintiff** is a citizen of the County of Lake, State of Illinois, and United States of America, and is a  "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3).

3.     **Defendant**, **National Credit Services, Inc.,** (hereinafter "**NCSI**") is a Georgia Corporation conducting business in the County of Lake, State of Illinois, and United States of America and is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

4.     **Defendants, Cedric Keith**, **Willie Love,** and **Mike Cook** are natural persons conducting business in the County of Lake, State of Illinois, and United States of America and each is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

5.     At all relevant times, **Cedric Keith**, **Willie Love,** and **Mike Cook** were the agents, apparent agents, servants, and/or employees of **NCSI,** and were acting in the course and scope of their agency, servitude and/or employment.

## FACTUAL ALLEGATIONS

6.     In 2008 and/or 2009, **Plaintiff** allegedly incurred a debt to for damage to her former dwelling apartment.

7.     This debt was for personal use.

8.     This debt was a "debt" as that term is defined by 15 U.S.C. § 1692(a)(5).

9.     In 2009 and/or 2010, **Cedric Keith**, **Willie Love,** and **Mike Cook** began calling **Plaintiff** and attempted to collect said debt.

10.     During a number of said telephone calls, **Cedric Keith**, **Willie Love,** and **Mike Cook** called Plaintiff's employer after they were informed she was not allowed to take personal calls at work.

11.     During a number of said telephone calls, **Cedric Keith**, **Willie Love,** and **Mike Cook**, threatened **Plaintiff** with negative credit reporting actions, threatened to repossess vehicle, and made other threats.

12.     **Defendants** did not have the present ability or intent to carry out said threats.

13.     A number of said phone calls were made to **Plaintiff** before 8:00 a.m.

**COUNT I**
**Plaintiff v. NCSI, Cedric Keith**, **Willie Love,** and **Mike Cook**
**Fair Debt Collection Practices Act**

1-13.  **Plaintiff** restates and re-alleges paragraphs 1-13 of the common counts, as and for paragraphs 1-13 of Count I, as though fully set forth herein.

14.     The aforementioned telephone calls from **Cedric Keith**, **Willie Love,** and **Mike Cook,** to **Plaintiff,** were collection communications in violation of provisions of the FDCPA, as aforesaid.

15.     As a direct and proximate result of the aforementioned actions, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: exacerbation of pre-existing medical conditions, anxiety, embarrassment, and emotional and physical harm.

16.     As a result of **Defendants'** violations of the FDCPA, **Plaintiff** is entitled to actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1); statutory damages in an amount up to $1,000.00 per incident, pursuant to 15 U.S.C. § 1692(k)(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692(k)(a)(3) from **Defendants**.

**WHEREFORE**, **Plaintiff** prays that judgment be entered:

•       against **Defendant, NCSI**; and **Defendants, Cedric Keith**, **Willie Love,** and **Mike Cook,** Individually, and as agents, apparent agents, servants, and/or employees of **NCSI;** and each of them, in favor of **Plaintiff,** for an award of actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1);

•       against **Defendant, NCSI**; and **Defendants, Cedric Keith**, **Willie Love,** and **Mike Cook,** Individually, and as agents, apparent agents, servants, and/or employees of **NCSI;** and each of them, in favor of **Plaintiff,** for an award of

statutory damages of $1,000.00 per incident, pursuant to 15 U.S.C. §1692(k)(a)(2)(A);

• against **Defendant, NCSI**; and **Defendants, Cedric Keith**, **Willie Love,** and **Mike Cook,** Individually, and as agents, apparent agents, servants, and/or employees of **NCSI;** and each of them, and in favor of **Plaintiff,** for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k)(a)(3); and;

• for any other such further relief as may be just and proper.


**COUNT II**
**Plaintiff v. NCSI**
**Negligence**

1-13.   **Plaintiff** restates and re-alleges paragraphs 1-13 of the common counts, as and for paragraphs 1-13 of Count II, as though fully set forth herein.

14.   At all times relevant, **NCSI**, by and through its agents, servants, and/or employees, knew, or should have known, that **Cedric Keith**, **Willie Love,** and **Mike Cook** were likely to violate provisions of the FDCPA when collecting debts from **Plaintiff** and others, at the time it hired **Cedric Keith**, **Willie Love,** and **Mike Cook**.

15.   At all times relevant, **NCSI**, by and through its agents, servants, and/or employees, knew, or should have known, that **Cedric Keith**, **Willie Love,** and **Mike Cook** were violating provisions of the FDCPA when collecting debts from **Plaintiff** and others, throughout the employ of **Cedric Keith**, **Willie Love,** and **Mike Cook**.

16.   At all times relevant, **NCSI**, by and through its agents, servants, and/or employees, knew, or should have known, that **Cedric Keith**, **Willie Love,** and **Mike Cook**, required proper training in order to comply with the FDCPA and that without proper training were likely to violate the FDCPA.

17.   At all times relevant, **NCSI** had a duty to exercise due care in the hiring, retention, training, and supervision of the debt collectors in its employ.

18.     Notwithstanding the aforesaid duty, **NCSI**, by and through its agents, apparent agents, servants, and or employees breached its duty in one or more of the following ways:

    a.     Carelessly and negligently hired **Cedric Keith**, **Willie Love,** and **Mike Cook**;

    b.     Carelessly and negligently failed to properly train **Cedric Keith**, **Willie Love,** and **Mike Cook;**

    c.     Carelessly and negligently retained **Cedric Keith**, **Willie Love,** and **Mike Cook**; and

    d.     Carelessly and negligently, failed to properly supervise **Cedric Keith**, **Willie Love,** and **Mike Cook**.

19.     As a direct and proximate result of the aforementioned actions and/or omissions, **Cedric Keith**, **Willie Love,** and **Mike Cook** violated the FDCPA as aforesaid while attempting to collect a debt from **Plaintiff**.

20.     As a direct and proximate result of the aforementioned actions and/or omissions, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: exacerbation of pre-existing medical conditions, anxiety, embarrassment, and emotional and physical harm.

**WHEREFORE**, **Plaintiff** prays that judgment be entered:

- against **Defendant, NCSI**, and in favor of **Plaintiff,** for an award of actual damages;
- against **Defendant, NCSI,** for an award of costs of suit; and
- for any other such further relief as may be just and proper.

**COUNT III**
**Plaintiff v. NCSI**
**Willful and Wanton Conduct**

1-13.  **Plaintiff** restates and re-alleges paragraphs 1-13 of the common counts, as and for paragraphs 1-13 of Count III, as though fully set forth herein.

5

14.     At all times relevant, **NCSI**, by and through its agents, servants, and/or employees, knew, or should have known, that **Cedric Keith**, **Willie Love,** and **Mike Cook** were likely to violate provisions of the FDCPA when collecting debts from **Plaintiff** and others, at the time it hired **Cedric Keith**, **Willie Love,** and **Mike Cook**.

15.     At all times relevant, **NCSI**, by and through its agents, servants, and/or employees, knew, or should have known, that **Cedric Keith**, **Willie Love,** and **Mike Cook** were violating provisions of the FDCPA when collecting debts from **Plaintiff** and others, throughout its employ of **Cedric Keith**, **Willie Love,** and **Mike Cook**.

16.     At all times relevant, **NCSI**, by and through its agents, servants, and/or employees, knew, or should have known, that **Cedric Keith**, **Willie Love,** and **Mike Cook**, required proper training in order to comply with the FDCPA and that without proper training, they were likely to violate the FDCPA.

17.     At all times relevant, **NCSI** had a duty to exercise due care in the hiring, retention, training, and supervision of the debt collectors in its employ.

18.     Notwithstanding the aforesaid said duty, and in conscious disregard to, and in utter disregard for the rights of those it was attempting to collect from, including **Plaintiff**, **NCSI**, by and through its agents, apparent agents, servants, and or employees acted willfully and wantonly in one or more of the following ways:

      a.     Willfully and wantonly hired **Cedric Keith**, **Willie Love,** and **Mike Cook**;

      b.     Willfully and wantonly failed to properly train **Cedric Keith**, **Willie Love,** and **Mike Cook;**

      c.     Willfully and wantonly retained **Cedric Keith**, **Willie Love,** and **Mike Cook**; and

      d.     Willfully and wantonly failed to properly supervise **Cedric Keith**, **Willie Love,** and **Mike Cook**.

19.     As a direct and proximate result of the aforementioned actions and/or omissions, **Plaintiff** suffered injuries of a personal and pecuniary nature including,

but not limited to: exacerbation of pre-existing medical conditions, anxiety, embarrassment, and emotional and physical harm.

**WHEREFORE**, **Plaintiff** prays that judgment be entered:

- against **Defendant, NCSI**, and in favor of **Plaintiff,** for an award of actual damages;
- against **Defendant, NCSI**, and in favor of **Plaintiff,** for an award of punitive damages;
- against **Defendant, NCSI,** for an award of costs of suit; and
- for any other such further relief as may be just and proper.

Respectfully Submitted,

/s/ Christian D. Elenbaas
Christian D. Elenbaas
ARDC 6291530

Robert J. Semrad & Associates, L.L.C.
*Attorneys for Plaintiff*
20 S. Clark St., 28th Floor
Chicago, Illinois 60603
Ph 312-913-0625 ext. 170
Fax 312-476-8530